Jerry Lee COLTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 47274.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

**764**

---

David L. Loving, III, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for rape; the punishment, fifty (50) years.

The sufficiency of the evidence to support the conviction is challenged by appellant in his three grounds of error.

Specifically, he insists that the evidence is insufficient because (1) he is not identified as the perpetrator of the offense, (2) the State failed to prove penetration beyond a reasonable doubt, and (3) the testimony of the prosecutrix is not sufficiently corroborated.

It was shown by the State's evidence that the seventy-nine year old prosecutrix lived alone in a one-room house in the City of Dallas.

She testified that on the night in question as she was sitting in a chair in her room a black man broke into the house through the door. She related that when he entered the room he first turned off the light, then demanded that she give him some money and threatened to kill her. After threatening and hitting her, the man then threw her on the bed, pulled off her clothes and without her consent forcibly raped her twice. She swore that the man twice inserted his penis in her vagina and that during the assault she called out for help. At the trial the prosecutrix was unable to identify appellant as the man who raped her. She stated that she never did see the man's face, but did state that he was wearing a pink shirt.

It was shown that in response to a call two city officers went to the address and when they arrived they could hear loud screams coming from the house, such as "God, he's killing me, he's killing me." As the officers approached, appellant, a colored man who was inside the room, opened the door. The officers then entered, and after turning on the light found the prosecutrix lying on the bed with her dress pulled up around her waist. Appellant was arrested inside the room, and at the time he was holding his trousers up with his left hand, which were unzipped and unbuttoned at the top fly, and upon being searched at the scene it was discovered that appellant's penis was still erect. He also had smeared dried blood on his hand and there was blood on the prosecutrix' face. Seminal fluid was also discovered on appellant's undershorts.

It was further shown that the prosecutrix was taken to Parkland Hospital, where she was examined by a surgical resident at the hospital. The doctor testified that as a result of his examination he found a small laceration in the posterior aspect of her vagina which had recently bled, and although no sperm was found, it was his opinion that there had been penetration.

Testifying as a witness in his own behalf, appellant denied having had intercourse with the prosecutrix, but stated that he had intercourse with another woman earlier in the night. He explained his presence in her house by stating that he had entered the house after having heard screams coming from the house as he was passing by.

The jury chose to reject the appellant's testimony and accept that of the State, and we find the evidence sufficient to support the jury's verdict.

█ Although the prosecutrix was unable to identify appellant as her assailant,

which is explained by the darkness in the room and the position of the parties after the lights were turned on in the room, the facts proved and appellant's close juxtaposition to the crime are sufficient to identify him as the person who committed the offense. See Jackson v. State, 493 S.W.2d 860.

 The testimony of the prosecutrix and of the physician who examined her is clearly sufficient to show penetration beyond a reasonable doubt.

The facts in the instant case do not present a case of belated outcry which under some factual situations require corroboration. In this case, there was outcry and it might be added that had there not been the testimony of the prosecutrix is corroborated.

The judgment is affirmed.

Opinion approved by the Court.